UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SUE HARRIS<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:17-cv-00273-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Pamela Sue Harris ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 22 ("Pltf.'s Br.") and Dkt. 23 ("Def.'s Br."), Dkt. 25 ("Pltf.'s Reply).] The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On September 23, 2013, Plaintiff filed an application for DIB. [Dkt. 15, Administrative Record ("AR") 18, 148-149.] The Commissioner denied her initial

claims for benefits on January 27, 2014, and upon reconsideration on April 10, 2014. [*Id.*] On February 17, 2016, a hearing was held before Administrative Law Judge ("ALJ") John W. Wojciechiwski. [AR 31-55.] On March 16, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 17-31.] Plaintiff requested review from the Appeals Council, which denied review on December 12, 2016. [AR 1-7.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 3, 2011, the alleged onset date, through September 30, 2013, her date last insured. [AR 20.] At step two, the ALJ found that Plaintiff suffered from the following severe impairment: degenerative disc disease of the lumbar spine. [*Id.* (citing 20 C.F.R. §§ 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 21 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b)… [s]pecifically, the claimant was able to lift and carry 20 pounds occasionally, 10 pounds frequently; could sit for 6 hours out of an 8 hour day, all normal breaks. She could occasionally perform postural activities such as climb, balance, stoop, kneel, crouch and crawl, but could never use ladders, ropes, and scaffolds. She had to avoid concentrated exposure to extreme heat, cold, vibrations, and industrial hazards[.]

[AR 22.] Applying this RFC, the ALJ found that Plaintiff could perform past relevant work as a receptionist (DOT 237.367-038), and, thus, is not disabled. [AR 25.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff's sole claim is that the ALJ improperly found Plaintiff's testimony not fully credible. [Pltf.'s Br. at 3-13.]

Plaintiff testified that she was unable to work because of limits on her ability to sit, stand, and walk. [AR 39.] When asked about her ability to walk, Plaintiff replied that she was unable to walk for more than a quarter of a mile and that she experienced pain walking down her driveway. [AR 47.] Plaintiff also testified that she could sit for five to twenty minutes and stand for five to twenty minutes at a time. [AR 48-49.] Plaintiff reported that her mother drives her to the grocery store and helps her do the laundry. [AR 46.] Plaintiff makes her own breakfast, walks, and does exercises. [AR 46-47.] Plaintiff stated that she can lift a gallon of milk and occasionally uses the computer. [AR 47, 49.]

The ALJ found Plaintiff's subjective symptom testimony not fully credible. [AR 22.] The ALJ noted that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent alleged. [*Id.*] "Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably

produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal citations and quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).

Here, the ALJ gave four reasons to reject Plaintiff's credibility: (1) Plaintiff's symptoms improved with treatment; (2) Plaintiff's poor work history; (3) Plaintiff's conservative treatment; and (4) lack of objective evidence to support Plaintiff's claim of severe limitations. As discussed below, the ALJ offered legally sufficient reasons to support the adverse credibility determination.

4

First, the ALJ found that Plaintiff's symptoms significantly improved with treatment. The effectiveness of treatment and medications in controlling Plaintiff's symptoms is a valid reason for discrediting a claimant's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that the ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]"). Here, Plaintiff received epidural steroid injections for her back. [AR 233, 245, 247, 259, 262-263, 265.] The ALJ observed that in September 2012 Plaintiff had epidural injections and reported that they "significantly reduced the back pain." [AR 23, 247.] At a May 2013 examination, Plaintiff reported that an epidural injection in the past had provided "excellent pain relief for nearly 1-2 years." [AR 23, 245.] Plaintiff does not dispute this, but argues that a doctor's note from October 2013 (outside the relevant period for DIB) indicated that Plaintiff had chronic back pain. [Reply at 4.] However, as the ALJ pointed out, Plaintiff "had not had any [epidural steroid injections] in the last couple of years." [AR 23.] In fact, a medical note from a month prior, September 2013, indicated that Plaintiff "revealed that she has not proceeded with the injection." [*See* AR 286-287.] Thus, the record reflects that Plaintiff's failure to receive recommended treatment may have contributed to her back pain in October 2013. Accordingly, the Court finds that the medical record supports the ALJ's conclusion that Plaintiff's pain and symptoms caused by degenerative disc disease of the lumbar spine improved with epidural steroid injections and, therefore, this was a clear and convincing reason to discount Plaintiff's credibility.

Second, the ALJ asserted that Plaintiff's limited work history was a clear and convincing reason to reject Plaintiff's testimony. [AR 24.] Plaintiff does not dispute this reasoning, but states that her work history cannot be the sole reason to

5

find Plaintiff not fully credible.[1] [Pltf.'s Br. at 11 (*citing Floyd v. Astrue*, 2010 WL 2196120, at p. *8 (S.D. Cal. 2010).]

An ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (internal quotation omitted) ("The ALJ may consider at least the following factors when weighing the claimant's credibility…[her] work record"); *see, e.g.*, *Aarestad v. Comm'r of Soc. Sec.*, 450 Fed. App'x. 603, 604 (9th Cir. 2011) (unpublished) (affirming ALJ's determination of claimant's testimony as partially not credible where claimant "worked only sporadically before the alleged onset of disability (which suggests that her decision not to work was not based on disability)"); *Burkstrand v. Astrue*, 346 Fed. App'x. 177, 179 (9th Cir. 2009) (unpublished) ("limited work history" negatively impacted credibility). Here, the ALJ found that "there are very few years before 2011 that the claimant ever worked for an entire year at substantial gainful activity level" and, thus, "one would question if claimant's impairments are the primary reason she is currently unemployed." [AR 24.] The Detailed Earnings Query reflects extremely limited earnings between 2003 and 2011. [AR 152.] "For example, [Plaintiff's] earnings in 2003 were only $1386 and in 2006 she earned $958 for the entire year. In 2010 she only earned $50." [AR 24; *see also* AR 152] The ALJ was entitled to determine from Plaintiff's pre-disability period work history (or lack thereof) that she lacked motivation to work. Indeed, the Ninth Circuit has expressly approved of an ALJ rejecting a claimant's credibility when the claimant's "extremely poor work history" reflecting "little propensity to work in her lifetime"—*i.e.*, where a claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability. *Thomas*, 278 F.3d at 959. Thus, the ALJ properly relied on

---

[1] The Court need not address this argument because the Court finds that the ALJ had at least two well-supported reasons for discounting Plaintiff's testimony in this case.

6

Plaintiff's work history in discounting her credibility.

Finally, Plaintiff asserts that the ALJ improperly relied on a lack of objective evidence and conservative treatment history to discredit her testimony. [Pltf.'s Br. at 12-13.] She argues that there was evidence in the record that substantiated her physical impairment and established that her treatment, which included epidural steroid injections, was not conservative. [*Id.* (citing AR 233-235, 247).] However, because the Court has already determined that sufficient evidence supported the ALJ's decision to discount Plaintiff's subjective complaints, it need not determine whether the ALJ materially erred in considering these other reasons for discrediting Plaintiff's testimony. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record" (citing *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004))).

Accordingly, the Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, and thus, there is no error warranting reversal and remand.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: November 22, 2017

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE